## BILL SAIN v. THE STATE.

No. 1814. Decided May 29, 1912.

**1.—Occupation—Intoxicating Liquors—Local Option—Charge of Court.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court failed to define in his charge what it took to constitute following the occupation of selling intoxicating liquors in local option territory, and instructed the jury that if the State proved two sales the jury should convict, there was reversible error.

**2.—Same—Charge of Court—Reasonable Doubt—Weight of Evidence.**

Where the court charged in such a manner as that the burden of proof could have been shifted to the defendant, by using the language, "if you do not believe defendant," etc., the same was an improper application of the reasonable doubt which was used at the close of the charge.

Appeal from the District Court of Hunt. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory. Penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Neyland & Neyland* and *T. M. Newsome,* for appellant.—On the question of the court's charge defining occupation: Cohen v. State, 110 S. W.. Rep., 66; Scott v. State, 110 S. W. Rep., 69.

On the question of the charge of court on weight of evidence: Cooper v. State, 48 Texas Crim. Rep., 609; Johnson v. State, 30 Texas Crim. App., 419; Moore v. State, 13 S. W. Rep., 152; Cooper v. State, 89 S. W. Rep., 816.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with and convicted of pursuing the business and following the occupation of selling intoxicating liquors in local option territory.

Exception was reserved to charges of the court submitting the issues to the jury. Among other things, the court failed to define to the jury what it took to constitute following his occupation or pursuing the business of selling liquors, and instructed the jury that if the State proved two sales the jury should convict. Exception was duly reserved and properly presents the question for revision. We have had occasion several times to reverse cases because of the identical question here presented. We deem it unnecessary to further review that question. Thomas v. State, and Molthrop v. State, recently decided. Opinions in both of these cases have been rendered in the last month. For this reason the judgment will be reversed and the cause remanded.

There is another question in the case arising on the charge of the court. That particular clause of the charge reads as follows: "If you believe the defendant did not engage in or pursue the occupation of selling intoxicating liquors in Hunt County, Texas, between the 1st day of June, 1911, and the 5th day of June, 1911; or if you believe he did not make as many as two sales of intoxicating liquors to the parties named in the indictment; or if you have a reasonable doubt as to either of these or as to the defendant's guilt, you will acquit him." The objection is that this was a charge on the weight of the evidence and shifts the burden of proof to defendant in using the language "if you do not believe defendant," etc. Taking this charge as given, in the light of the qualification at the end of the quoted charge, with reference to reasonable doubt, the jury may not have been misled, but· it is advisable and better not to use this character of language in instructing the jury. The jury does not have to believe beyond a reasonable doubt anything except· the guilt of the defendant. This character of charge should, in substance, and

as a matter of law be given so as to place the reasonable doubt clearly in favor of and not against the accused. The law is that unless the defendant is shown beyond a reasonable doubt to have followed the business or pursued the occupation he would not be guilty, and the jury must be clearly charged that the reasonable doubt is always in favor of the defendant. If this charge had read, that before the accused can be convicted of engaging in or pursuing the occupation of selling intoxicating liquors, the State must show beyond a reasonable doubt that he did so engage, etc., it would have been correct. We call attention to this matter so that in the future the charge shall clearly and explicitly submit the reasonable doubt so there will be no question in regard to charging this phase of the law.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE, not sitting.