ADAMS v. STATE. (No. 12120.) *

Court of Criminal Appeals of Texas. Feb. 13, 1929.

Rehearing Denied Oct. 16, 1929.

---

*For opinion on application to file second motion for rehearing, see 20 S.W.(2d) 1107.

Bledsoe & Crenshaw, of Lubbock, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for two years.

The court instructed the jury as follows: "However, if you find from the evidence in this case that the defendant did not in Crosby County, Texas, on or about the 16th day of May, A. D. 1927, unlawfully sell to Clem A. Harkey, spirituous liquors capable of producing intoxication, or if you have a reasonable doubt thereof, then in either event you will find the defendant not guilty, and so say by your verdict."

Appellant timely objected to the portion of the charge above quoted on the ground that it shifted the burden of proof and was on the weight of the evidence. This charge should not have been given. Similar charges have been condemned by this court. Sain v. State, 66 Tex. Cr. R. 591, 148 S. W. 566. However, considered in the light of the entire charge and in connection with the fact that in the preceding paragraph of the charge the jury were instructed to acquit appellant unless they believed beyond a reasonable doubt that he sold the liquor in question, the giving of the charge complained of would not constitute reversible error. In our opinion the jury could not have been misled. Errors in the charge are not reversible unless calculated to injure the rights of the accused, or unless it appears from the record that he has not had a fair and impartial trial. Article 666, Code Cr. Proc. 1925.

Paragraph 4 of the charge reads as follows: "Testimony in this case has been introduced showing that the defendant Alvie Adams, has heretofore been indicted for a felony. You are charged that you can consider this testimony for one purpose only and that is as it may or may not affect the credibility of the defendant as a witness and you cannot and must not consider it for any other purpose if you consider it at all."

Appellant objected to said paragraph on the ground that it was on the weight of the evidence. While probably inaptly worded, the charge in our opinion could not have indicated to the jury that the court entertained the view that the former indictment affected appellant's credibility as a witness.

The state's witness testified that he placed a label on the bottle of whisky purchased from appellant and delivered the whisky to the sheriff. Appellant was not present at the time the bottle was labeled. After identifying the whisky, it was offered in evidence by the state. Appellant objected as follows: "The defendant objected to the introduction of said bottle on the ground that the labels still remained thereon, and that the labels upon said bottle were hearsay declarations as to the defendant, not made in his presence, and were the self-serving acts and declarations of the witness, Clem A. Harkey." The objections were overruled. It is recited in the bill of exception (No. 4) that: "Said bottle was permitted to be introduced and exhibited to the jury with said labels on it, which labels on each side of said bottle, contained the following statements: 'Purchased from Alvie Adams, May 16, 1927. Signed, Clem A. Harkey, Initialed E. R. (Elmer Reed).'" We are of the opinion that reversible error is not shown. Conceding that the label embodied a hearsay statement, it does not appear from the bill of exception that no issue had arisen which made proper the receipt in evidence of the contents of the label.

Failing to find reversible error, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. In bill of exceptions No. 4, which is stressed in the motion for rehearing, appears the following: "Be it further remembered that thereafter the state offered to introduce the bottle and its contents in evidence before the jury, and that the defendant objected to the introduction of said bottle on the ground that the labels still remained thereon, and that the labels upon said bottle were hearsay declarations as to the defendant, not made in his presence, and were the self-serving acts and declarations of the witness, Clem A. Harkey. * * * Said bottle was permitted to be introduced and exhibited to the jury with said labels on it, which labels on each side of said bottle contained the following statements: 'Purchased from Alvie Adams, May 16, 1927. Signed, Clem A. Harkey, Initialed E. R. (Elmer Reed).'"

From the statement of facts it appears that Harkey testified that he delivered to the sheriff the bottle of whisky which he had obtained from the appellant, but that before doing so he placed on it the label described in the original opinion; that the label was

placed upon the bottle in the presence of the sheriff, Reed. Reed testified that he received a bottle of whisky from the witness Harkey and that it had been in his possession ever since. It was produced at the trial and identified by Reed as the one he received from Harkey. Harkey also identified the bottle that he had gotten from the appellant and delivered to Reed. We do not understand that the label was introduced in evidence, but it seems to be the appellant's position that the label should have been taken from the bottle before it was identified before the jury. We think that position is untenable. The label, under the circumstances, was a part of the description of the bottle of whisky which the state claimed to have been purchased from the appellant. If the bottle had been produced without a label upon it, it would have failed in that particular to answer the description given of the bottle which Harkey testified he received from the appellant and delivered to the sheriff. It is obvious that the statement on the label *that the bottle of whisky was received from the appellant* was not admissible as proving *that fact*. The appellant would have been within his rights in having the court tell the jury that the recitals in the label should not be used against the appellant to prove the fact that *the whisky was purchased from him*. From what has been said it follows that, in our opinion, no reversible error was committed.

The motion for rehearing is overruled.