### JIM BARROW v. THE STATE.

#### No. 2693.   Decided October 29, 1913.

**1.—Theft—Conversion—Charge of Court—Bailment.**

As the law, with reference to the commission of the offense of conversion by bailee, provides that a person guilty of that offense shall be punished in the same manner as if he had been guilty of theft, there was no error in the court's charge in defining theft and stating the punishment therefor, and it was not necessary to further define the word, "conversion."

**2.—Same—Charge of Court—Weighing Evidence.**

It is the peculiar province of the jury to weigh the evidence, and there was no error in refusing a special charge that the jury could not weigh the evidence.

**3.—Same—Consent—Charge of Court.**

Where, upon trial of illegal conversion, there was no evidence raising the issue of consent, there was no error in refusing a requested charge thereon.

**4.—Same—Circumstantial Evidence—Charge of Court.**

Where, upon trial of theft of a cow, the evidence was direct, the defendant only contending that the witnesses were mistaken as to the identity of the animal, there was no error in the court's failure to submit a charge on circumstantial evidence.

Appeal from the District Court of Denton.   Tried below before the Hon. C. F. Spencer.

Appeal from a conviction of theft of a cow; penalty, two. years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney-General, for the State.—On question of circumstantial evidence: Cabrera v. State, 56 Texas Crim. Rep., 141; Holland v. State, 45 Texas Crim. Rep., 172; Baldwin v. State, 31 id., 589; Wheeler v. State, 15 Texas Crim. App., 607; Holt v. State, 9 id., 571; Smith v. State, 90 S. W. Rep., 638; Branch Criminal Law, sec. 223.

HARPER, JUDGE.—Appellant was convicted of the offense of converting to his own use a cow in his possession, the property of D. S. Donald, and his punishment assessed at two years confinement in the penitentiary.

No bills of exception were reserved in regard to the admission of testimony; so, the only question before us is, did the court err in the charge as given, or in refusing the special charges requested.

The court, in his charge, defined theft and stated the punishment for theft. This was not improper, as the law as to the commission of the offense of conversion by bailee provides that a person guilty of that offense shall be punished in the same manner as if he had been guilty of theft, and it was proper to state the punishment fixed by

law for a violation of the law of theft. It was not necessary to define the word "conversion," further than it was defined in the charge. The court instructed the jury:

"Now if you find and believe from the evidence beyond a reasonable doubt, that prior to the time of the filing of the indictment herein and about the time alleged therein that the defendant, Jim Barrow, was then and there in possession of a certain cow belonging to D. S. Donald under and by virtue of an agreement of borrowing said cow with or from the said D. S. Donald, and that he did then and there fraudulently convert said animal to his own use, without the consent of D. S. Donald, the owner thereof, and that such conversion by the defendant was with the intent to deprive the said D. S. Donald, the owner thereof, of the value of the same, then you will find the defendant guilty and assess his punishment at confinement in the penitentiary for any term of years you may see fit, not less than two nor more than four."

The special instruction that the jury could not "weigh" the testimony should not have been given. This is the peculiar province of the jury, for the law makes them the judges of the credibility of the witnesses and the weight to be given their testimony.

There was no testimony raising the issue that appellant may have thought he had the authority or permission of Mr. Donald to sell the cow in question, consequently the court did not err in refusing the special charge requested on that issue.

The only other complaint in the motion we deem it necessary to discuss, is that the court erred in failing to charge on circumstantial evidence. Appellant approached Mr. Donald to borrow some cows to milk. Mr. Donald agreed to loan them to him, and told appellant the two cows he could have, and told him to go to the pasture and get them. Appellant admits this and admits he got the cows, but says the cow he sold was not one of the cows thus secured by him. Appellant is seen in possession of two cows which are identified as the Donald cows, and the two cows Donald says he loaned him. Some time after getting the two cows from Mr. Donald, appellant sells a cow to Mr. Guyse for $42.50. This cow sold by appellant to Guyse is positively identified by Mr. Donald as one of the cows loaned to appellant. This cow was also positively identified as the Donald cow by George Lynch, Ruby Lynch, James Waide and others. Appellant admits selling this cow to Guyse, he contending only that the witnesses were mistaken as to the identity of the cow, he saying the cow he sold to Guyse was a cow that he had purchased from Mr. Crowder.

This issue was fairly submitted to the jury by the court in his charge, and the jury finds against appellant's contention. Under such circumstances, we do not think the failure to charge on circumstantial evidence would present any error.

The judgment is affirmed.

*Affirmed.*