## CLEVE PATRICK V. THE STATE.

### No. 10693.   Delivered February 23, 1927.

#### 1.—Possessing Intoxicating Liquor—Charge of Court—On Circumstantial Evidence—Erroneously Refused.

Where, on a trial for the possession of intoxicating liquor for the purpose of sale, the state's evidence disclosing that appellant was found in possession of less than one quart of whiskey, and the purpose of such possession being shown only by circumstances, it was error for the trial court to fail to charge on the law of circumstantial evidence.   Following Ward v. State, 10 Tex. Crim. App. 297, and other cases cited.

#### 2.—Same—Charge of Court—On Weight of Evidence—Improper.

Where the court charged the jury to not consider the argument of state's counsel in discussing the fact that appellant had been formerly convicted of selling intoxicating liquor, but that such evidence could only be considered "as effecting the credibility" of the witness, such charge was subject to the criticism that it was upon the weight of the evidence, and should not have been given, as framed.

Appeal from the District Court of Jefferson County.   Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Blain & Jones* and *O. M. Lord* of Beaumont, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully possessing intoxicating liquor for the purpose of sale, and his punishment assessed at one year in the penitentiary.

The state relied for a conviction upon the testimony of the deputy sheriff, J. M. Foote, who testified, in effect, that on the night of October 31, 1924, he went to appellant's place of business in the town of Sabine and observed the appellant standing behind the counter or bar and pouring what he took to be whiskey into glasses; that two men were standing across the counter or bar in front of appellant; that upon observing him, appellant poured the whiskey out of the glasses into a pan of water and threw the bottle in a trash basket; that he, the witness, immediately walked in behind the bar and asked the two men if the whiskey belonged to them, to which they replied that it did not. The witness testified that the two men in question were sailors,

and also testified that the appellant had his residence in the back end of the house and ran a cold drink stand in the front of the house, where he got the whiskey in question. The witness further testified that the two glasses were small whiskey glasses. On cross-examination the witness testified that the bottle in question was not a regular quart-size bottle, and that it contained about a half quart of whiskey, or less. He further testified on cross-examination that as a matter of fact he didn't know it was whiskey that appellant was attempting to serve the men when he started in the door, that he did not see the men touch the glasses in front of them, nor did he see the men give any money to the appellant, and that he didn't know whether the appellant was giving whiskey to them or selling it to them.

There are but two questions presented in the record for our consideration. The first is that the court erred in refusing to submit to the jury the law of circumstantial evidence. The appellant, at the proper time, objected and excepted to the court's refusal to so charge. After a careful examination of the record, we have reached the conclusion that the evidence in the case raised this issue, and the learned trial judge fell into error in refusing to so charge the jury. The undisputed testimony shows that the amount of intoxicating liquor found by the officer on the premises of the appellant was less than a quart; consequently the presumption that appellant had said whiskey for sale did not prevail, as in cases where the appellant is found in possession of more than a quart, which would make a prima facie case that it was possessed for sale. In the instant case, it devolved upon the state to show by evidence, positive or circumstantial, that the half quart of whiskey or less found in appellant's place of business was possessed for the purpose of sale. The state was forced to rely upon the circumstance testified to by the officer to supply this issue, and the jury, in order to reach the verdict of guilty, was forced to infer from said facts and circumstances that appellant possessed the whiskey in question for sale. This being true, it was necessary to charge the jury on circumstantial evidence. Mr. Branch, in his Ann. P. C., states:

"If the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in a legal sense, upon circumstantial evidence," citing Ward v. State, 10 Tex. Crim. App. 297; Goode v. State, 56 Tex. Crim. Rep. 418, 120 S. W. 199, and many other authorities. Also see Kyle v. State, 270 S. W. 1020; Chew v. State, 284 S. W. 559.

The appellant, in his bill of exception No. 1, complains that the court, in instructing the jury not to consider the argument

of the attorney representing the state to the effect that the appellant had been formerly convicted of selling intoxicating liquor, instructed them that the only reference that could be made to said prior conviction, and the only purpose for which it was introduced, or could be considered by the jury, was "as affecting the credibility" of the appellant as a witness. The appellant contends that this charge, as given, was upon the weight of the evidence. This criticism is not without merit. In view of another trial of this case, we suggest that the court, if it becomes necessary to charge on this issue again, should frame his charge so as to avoid the criticism here urged.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.