# MAY 8, 1946

## CARNELL HENRY v. THE STATE.

No. 23349. Delivered May 8, 1946.

The opinion states the case.

*Edward Risinger,* of Rosenberg, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment is confinement in the state penitentiary for a term of five years.

The State's evidence shows that on Saturday night, May 12, 1945, quite a number of negroes had assembled at Jim Armstrong's cafe where they ate lunches and drank beer. The deceased, in company with two or three friends, was sitting at a table when appellant approached, placed his hands on the table, and leaned over to talk to one of the women. The deceased turned over a bottle of beer and some of it spilled on appellant's hands, whereupon he remarked, "Don't waste your beer on me," to which the deceased replied, "I didn't mean to waste any beer on you. I beg your pardon." Appellant went to the door of the cafe and drew his pistol, wherupon deceased immediately arose from his seat, grabbed Dallas Palmer and held him in front of himself as a shield against what evidently appeared to him to be imminent danger. Palmer tried to get away and in the struggle both fell to the floor. While the deceased was lying on the floor, appellant shot him in the abdomen. From the effects of the wound thus inflicted, he died.

Appellant took the witness stand and testified in his own

behalf, in substance as follows: That sometime prior to the alleged homicide, he had been informed by certain negroes that he had better leave town; that if he didn't he would be killed or whipped; that, on the night in question when he went to the cafe, he carried a pistol with him for protection; that after he had been at the cafe for some time he noticed the deceased and some friends sitting at a table engaged in drinking beer; that he went to where they were and placed his hand on the table for the purpose of speaking to them; and that the deceased threw some beer on him and on his clothes and then remarked, "Oh, hell, I didn't intend to get that beer on you; I am sorry." This precipitated an argument, whereupon Jim Armstrong, the proprietor of the cafe, came up and told them to stop fussing. He requested appellant to leave. Appellant undertook to comply with the request and started walking toward the door; when he reached the door of the cafe, he noticed Armstrong, Palmer, and the deceased coming towards him; Armstrong had advanced to the point where he was within reach of him (appellant), while Palmer and the deceased were also coming towards him. Virgie Glead remarked, "Look out, that boy got something." Appellant then pulled his pistol and commanded them to stop but they declined to heed his request, whereupon he shot the deceased.

The parties whom appellant named as being the persons who told him that he had better leave town or he would be killed or whipped were called as witnesses by the State and denied ever having made any such statement to the appellant.

The court, in his charge to the jury, instructed them relative to the law of murder with and without malice, and self-defense, to which no objection of any kind was urged. However, appellant did request a special charge which the court declined to give and which is the basis of his complaint. Without setting out the charge, which is quite lengthy, we deem it sufficient to say that, in our opinion, the court was justified in his ruling, for the following reasons: First, the court gave a fair and concise instruction on the law of self-defense applicable to the case, to which no objection was interposed; and, second, because the charge was on the weight of the evidence. As a general rule, the charge should state "the law applicable to the case, without expressing or intimating any opinion as to the weight of the evidence, or the credibility of the statements made by the party accused or by the witnesses." See Merritt v. State, 2 Tex. Cr. App. 177; Renfro v. State, 9 Tex. Cr. App. 229 (231); also note 276

under Art. 658, Vernon's Ann. Tex. C. C. P., where many authorities are collated.

Appellant's next complaint relates to the action of the court in overruling his motion for a new trial based on the ground that the trial court erred in declining to submit his requested charge. Since we sustained the action of the trial court relative to this matter, we see no need for any further discussion of the subject.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.