Roddie Emanuel **RUSSELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–84–0593–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 20, 1985.

Rehearing Denied June 20, 1985.

Leg. ch. 483, § 6, 1983 Tex.Gen.Laws 2822.

Lloyd D. Stansberry, Brown, Todd, Hagood & Davenport, Angleton, for appellant.

Jim Maple, Brazoria, Dist. Atty., and Jim Turner, Brazoria, Asst. Dist. Atty., Angleton, for appellee.

Before JACK SMITH, SAM BASS and LEVY, JJ.

## OPINION

LEVY, Justice.

We withdraw our opinion of May 23, 1985 and substitute this corrected opinion.

Appellant was convicted by a jury of aggravated sexual abuse of a child, and was sentenced to life imprisonment as a habitual offender. Tex.Penal Code Ann. sec. 12.42(d)(Vernon Supp.1985). Appellant does not challenge the sufficiency of the evidence, but pled not guilty by reason of insanity.

On or about June 26, 1983, a confidential informant passed a color Polaroid photograph to Lt. Matt Wingo of the Brazoria County Sheriff's Office, which depicted a white adult male and a white female child, apparently 6 to 8 years old, each naked from the waist down. The male's penis was exposed and the child's arm was around the male's buttocks. Wingo recognized the male as the appellant.

The informant indicated that appellant had shown him a stack of similar photographs. After confirming the informant's credibility, Wingo prepared an affidavit for a search and arrest warrant. Executing the warrant at appellant's trailer residence, Wingo recovered 57 photographs and sundry items of children's udnergarments and toys. A witness at the scene of the search identified the child in the informant's photograph as M.S.

On this evidence, appellant was arrested and charged with several counts of sexual abuse of a child. On October 5, 1983, the Grand Jury of Brazoria County, Texas, returned an indictment charging the appellant with two counts of sexual abuse of a child, enhanced by the two prior and similar felony convictions.

J.D., the seven-year-old complainant in this cause, testified that she became acquainted with the appellant at her grandfather's house, and that appellant would take her and M.S., another minor female about 8 years old, out together. She identified herself in the photographs and related that they were taken during or after excursions to the K–Mart store in Lake Jackson, an indoor swimming pool at Lake Jackson, and a bridge. In one photograph, the witness related that she had taken her pants off at appellant's request. When asked whether she was crying in this photograph, J.D. responded in the affirmative and explained that the appellant had struck her. Another photograph depicted a child holding the appellant's penis. J.D. testified that this

photograph had been taken by M.S. at the appellant's direction.

M.S. corroborated J.D.'s testimony, stating that J.D., the appellant, and she had all gone swimming. She related that the appellant would tell her to undress and assume suggestive poses, and in one instance she was posed similarly to J.D. and both were crying.

Wingo testified that once the children in the photographs were identified, they were taken to the sites purportedly depicted in the photographs. The sites were compared with the photographs and confirmed. Wingo also confirmed the dates on which the offenses were allegedly committed in relation to the time of arrest.

After the State had rested, the appellant called Dr. Collier Cole to testify. Dr. Cole, qualified as a clinical psychologist, testified that on the basis of the appellant's prior medical history and his consultation with him, he would diagnose the appellant as a pedophiliac and stated that, in his opinion, the appellant could not conform his conduct to the requirements of the law and was therefore legally insane.

The appellant's first of seven grounds of error asserts that the trial court erred by including in the jury charge an instruction that the jury was not bound by the testimony offered by a witness qualified as an expert.

The jury was given a standard instruction on the credibility of witnesses' testimony as follows:

You are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to their testimony, but you are bound to receive the law from the Court which is herein given to you and be governed thereby.

The only expert testimony offered at trial—on the issue of insanity—was that of Dr. Collier Cole, whose testimony on behalf of the appellant, asserting an insanity defense, was rejected by the jury.

The jury was given the following instruction on expert testimony directly following the instruction on insanity:

You are instructed that you are not bound by the testimony offered by a witness qualified as an expert. You may give it the weight to which you find it is entitled and may weigh such testimony with all other evidence offered in this case.

Appellant timely objected to this special instruction as being an implied comment on the weight of the evidence. Appellant contends that the instruction given violated Tex.Code Crim.P.Ann. art. 36.14 (Vernon Supp.1985), which prohibits the court from giving an instruction expressing any opinion as to the weight of the evidence. He argues that it is even more of a comment when only one expert testifies, as in the case at bar.

The State made reference to the instruction during closing argument as follows:

Likewise, here in the charge, "You are instructed you are not bound by the testimony offered by a witness qualified as an expert." In other words, you can use your own God-given common sense. You may give it the weight to which you find it's entitled and may weigh such testimony with all other evidence offered in the case.

The appellant refers us to three cases in which defense counsel requested a special instruction to the jury on expert witnesses, very similar to the instruction quoted above, and in each case it was refused because it was held to constitute a comment on the weight to be given the testimony. See *Florio v. State*, 532 S.W.2d 614, 618 (Tex.Crim.App.1976) (a ballistics expert); *Simmons v. State*, 504 S.W.2d 465, 474 (Tex.Crim.App.1974) (police officers); *Clark v. State*, 500 S.W.2d 107, 111 (Tex.Crim.App.1973) (F.B.I. expert).

The State argues that the instruction in the instant case does not tend to diminish the probative force of the witness or detract from his prominence, but conceded at oral argument that it was error to include the special instruction, arguing that it was nevertheless harmless error. In reviewing a charge on appeal, "the judgment shall

**210**

not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." Tex.Code Crim.P.Ann. art. 36.19 (Vernon Supp.1985).

Recently, the Court of Criminal Appeals has clarified the question whether an erroneous instruction in the court's charge to the jury will constitute reversible error. When a proper objection was made at trial and the accused claims on appeal that the error was harmful, he will obtain a reversal only if the error was "calculated to injure the rights of the defendant." The harm inflicted by such an erroneous charge must be evaluated in light of the entire jury charge, the state of the evidence, the argument of counsel, and other relevant information revealed by the record of the trial as a whole. *Almanza v. State*, 686 S.W.2d 157, 160–174 (Tex.Crim.App.1985) (op. on reh'g) (en banc).

The only defensive factual issue in the instant case was the question of insanity, and the instruction given commented subtly but adversely on the weight of the psychologist's testimony. The jury did not believe the psychologist and determined that the appellant did not meet the insanity test.

■ We conclude that the principles relating to comments on the weight of the evidence and enunciated in the cases favoring the State—*Florio, Simmons,* and *Clark, supra*—must be equally available to the defense in the appropriate situation when an instruction is given on expert testimony, to assure a fair and impartial trial to both parties. See Tex.Code Crim.P. art. 2.03.

The first ground of error is sustained. In view of our disposition of this ground, we need not discuss further the remaining grounds of error. *Coberly v. State*, 644 S.W.2d 734, 735 (Tex.Crim.App.1983) (per curiam).

The judgment of the trial court is reversed and the cause remanded.