**Roddie Emanuel RUSSELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 813–85.**

Court of Criminal Appeals of Texas,
En Banc.

April 27, 1988.

Lloyd D. Stansberry, Alvin, (court appointed), for appellant.

Jim Mapel, Dist. Atty. and Jim Turner, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

McCORMICK, Judge.

Appellant was convicted of the offense of aggravated sexual abuse of a child. Punishment, enhanced by two prior convictions was assessed at life imprisonment.

Appellant was charged with sexually abusing a seven-year-old child. At trial, appellant argued the affirmative defense of insanity. V.T.C.A., Penal Code, Section 8.01.[1] Appellant's sole defense witness was Dr. Collier Cole, a clinical psychologist who testified that, in his opinion, appellant was a pedophiliac and could not conform his conduct to the requirements of the law. The State presented no expert witnesses. In its charge to the jury, the trial court instructed the jury on the affirmative defense of insanity. Immediately after applying the law of insanity to the facts of the case, over the appellant's objection, the trial court gave the following instruction:

> "You are instructed that you are not bound by the testimony offered by a witness qualified as an expert. You may give it the weight to which you find it is entitled and may weigh such testimony with all other evidence offered in this case."

Later in the charge, the court gave the following instruction:

> "You are the exclusive judges of the facts proved, the credibility of the witnesses, and of the weight to be given to their testimony, but you are bound to receive the law from the Court which is herein given to you and be governed thereby."

1. At the time of appellant's trial, V.T.C.A., Penal Code, Section 8.01(a) provided: "It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of mental disease or defect, either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated."

On original appeal, the Court of Appeals held that the instruction concerning the expert witness was a comment on the weight of the evidence in violation of Article 36.14, V.A.C.C.P. Applying the test set out in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1985), the Court of Appeals found that appellant was harmed by the error and reversed appellant's conviction. *Russell v. State*, 694 S.W.2d 207 (Tex.App. —Houston (1st) 1985). The State filed a petition for discretionary review containing two points: first, did the Court of Appeals err in holding that the trial court's instruction constituted a comment on the weight of the evidence and second, did the Court of Appeals err in applying *Almanza v. State*, supra, and finding that the error was not harmless. We granted the State's petition for discretionary review on the first point only—that is, was the instruction a comment on the weight of the evidence. The State argues that it is the trial judge's duty to distinctly set forth the law applicable to the case. Since insanity was the key issue in the case, the judge was entitled to distinctly set forth the law applicable to the affirmative defense of insanity as it is defined in V.T.C.A., Penal Code, Section 8.01. Thus the State asserts that the role of the expert's opinion on the issue of insanity was an integral part of the law which the jury was entitled to know.

It is axiomatic that it is improper for a trial court to single out certain testimony and comment on it. *Chambers v. State*, 700 S.W.2d 597 (Tex.Cr.App.1985). The charge should state the "law applicable to the case, without expressing or intimating any opinion as to the weight of the evidence, or the credibility of the statements made by the party accused or by the witnesses." *Henry v. State*, 149 Tex.Cr.R. 321, 194 S.W.2d 264 at 265 (1946). Certainly, it is proper for a court to instruct the jury that the credibility of witnesses and the weight to be given their testimony are questions within their exclusive province. *Barrow v. State*, 71 Tex.Cr.R. 549, 160 S.W. 458 (1913). But how far can a court go? Where is the line of demarcation between a proper instruction and an improper instruction in this area? The key to the entire question is the definition of "a comment on the weight of the evidence." Black's Law Dictionary (4th Edition) defines a comment upon the evidence as meaning that a "trial judge is prohibited from conveying to [the] jury [the] trial judge's personal opinion as to the truth or falsity of any evidence...." (material in brackets added). What type of instructions have been held to be comments on the weight of the evidence? A review of case law is helpful to our determination.

It has long been held that it is reversible error for the trial court to give instructions that refer to the credibility of the witnesses. For example, in *Taylor v. State*, 50 Tex.Cr.R. 560, 100 S.W. 393 (1907), this Court reversed Taylor's conviction because the judge charged the jury that the fact of Taylor's prior conviction could not be considered for any other purpose than affecting his credibility as a witness. The Court noted that a correct charge would have instructed the jury that since the prior conviction was admitted for the purpose of showing Taylor's credibility as a witness, they could consider it for that purpose *if they thought it did affect his credibility.* See also *Patrick v. State*, 106 Tex.Cr.R. 205, 291 S.W. 901 (1927). Cf. *Adams v. State*, 20 S.W.2d 772 (Tex.Cr.App.1929).

Certainly a comment on the weight of the evidence occurs when the judge appraises the credibility of a particular witness. Thus when a judge, in his charge to the jury, suggests that certain evidence is true or is untrue, that is a comment on the weight of the evidence. *Tew v. State*, 551 S.W.2d 375 (Tex.Cr.App.1977); *Bonner v. State*, 32 S.W. 1043 (Tex.Cr.App.1895); *Gibbs v. State*, 20 S.W. 919 (Tex.Cr.App. 1892).

Likewise an instruction which instructs a jury on the weight to be given certain testimony is error. In *Marta v. State*, 81 Tex.Cr.R. 135, 193 S.W. 323 (1916), the defendant asked that the jury be instructed that in determining the credibility of one of the State's key witnesses, they could consider the fact that he had made statements to Marta's attorneys which were at variance with his trial testimony. The trial

court refused to so instruct the jury and that decision was upheld on appeal. This Court held that such an instruction would have been an impermissible comment on the weight to be given certain testimony. The Court wrote that rather than being the subject of a jury charge, the objective of which is to set out the law applicable to the case, it was more properly a matter for jury argument. See also *Burrows v. State,* 128 Tex.Cr.R. 349, 81 S.W.2d 523 (1935).

This Court has even held that when a defendant requests an instruction similar to the one given in the instant case, that it is proper for the trial court to refuse such an instruction because it constitutes a comment on the weight of the evidence. In *Florio v. State,* 532 S.W.2d 614 (Tex.Cr. App.1976), Florio requested that the trial court instruct the jury that they were not bound to accept the opinion of any expert witness and that the credibility and reliability of the opinion was in the jury's sole province. The trial court refused to give the requested instruction and Florio appealed. This Court, noting that the trial court properly instructed the jury that they were the exclusive judges of the facts proved, the credibility of the witnesses and the weight to be given the testimony, held that Florio's requested instruction was indeed a comment on the weight of the evidence and was properly refused.

In *Clark v. State,* 500 S.W.2d 107 (Tex. Cr.App.1973), a burglary case, two State expert witnesses testified that a palm print found on the scene was made by Clark. This conclusion was refuted by a defense expert witness. During the preparation of the court's charge, Clark requested that the following requested charge be given:

> "The evidence of witnesses who are put on the stand to support a theory by their opinions, however expert, is justly exposed to your reasonable suspicion. Experts and witnesses are produced not to swear to a fact observed by them but to express their opinions. The value of expert opinion does not depend on the skill and the knowledge professed by the expert, but on the weight you give the kind of skill and knowledge demonstrated to you."

The trial court refused to so instruct the jury and his ruling was upheld on appeal because the requested charge was obviously a comment on the weight of the evidence.

In *Simmons v. State,* 504 S.W.2d 465 (Tex.Cr.App.1974), the defendant complained of the court's failure to charge the jury that police officers are to be tested by the same standards of credibility as other witnesses and the failure of the court to instruct the jury on the weight to be given testimony of expert witnesses. Noting that the trial court gave the customary instructions that the jurors were the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to the testimony, this Court held that the requested charges would have been comments on the weight of the evidence and thus were properly refused.

The State correctly cites *Collins v. State,* 39 Tex.Cr.R. 441, 46 S.W. 933 (1898) and *Beshears v. State,* 461 S.W.2d 122 (Tex.Cr. App.1970), for the proposition that an instruction will constitute a comment on the weight of the evidence if it furnishes a standard by which the jury should weigh the testimony or if it authorizes the jury to act arbitrarily in passing on the credibility of a witness. After reviewing the cases outlined above, it is clear that in determining whether an instruction is a comment on the weight of the evidence, the courts have seen fit to assess the probable effect of the instruction on the jury in the context in which it was given. Looking at the complained-of instruction in the instant case by itself, it is certainly a neutral instruction. It does not in and of itself instruct the jury one way or another on how to weigh the expert opinion. However, when read as a part of the whole charge, including the general instruction that the jury was the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony, and when examined in light of the evidence presented at trial, the instruction had the obvious effect of singling out the testimony of Dr. Cole.

The Texas Supreme Court faced a similar situation in *Davidson v. Wallingford,* 88

Tex. 619, 32 S.W. 1030 (1895). In this trespass to try title case, the trial court singled out one of the witnesses in the case, a Mrs. Bickford, and charged the jury that they were the judges of Mrs. Bickford's credibility and the weight to be given to her testimony. The court also gave the jury a general instruction that they were also the judges of the credibility of all the other witnesses. The Supreme Court held the following:

> "The court should simply have charged that the jury were the judges of the credibility of the witnesses and the weight of the evidence. The effect of the instruction was to lead the jury to believe that there was more question as to the credibility of the witness who was named than as to that of the other witnesses. Whether such was the fact or not was a matter solely for the determination of the jury, without any intimation, either direct or indirect, as to the opinion of the judge." 32 S.W. at 1033.

We find that the complained-of instruction had the same effect in the instant case. The probable effect of the instruction was to lead the jury to believe that there was more question as to the credibility of Dr. Cole, the sole expert witness and the sole defense witness, than as to that of the other witnesses. Thus the neutral instruction when taken in the context in which it was given was very capable of being construed by the jury as some kind of indirect standard for weighing the evidence endorsed by the trial court. Given the context in which the charge was given, we are compelled to agree with the Court of Appeals that the giving of the charge was improper. The State's ground of review is overruled.[2]

The judgment of the Court of Appeals is affirmed.

WHITE, J., dissents.

---

[2]. Because we did not grant review of the State's petition as to the second ground for review, we do not reach the question of whether the Court of Appeals correctly applied the second prong of *Almanza*, in finding that appellant was harmed by the instruction.