TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00162-CR







Gregory Tatum, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 98-133, HONORABLE JACK ROBISON, JUDGE PRESIDING







A jury found appellant Gregory Tatum guilty of assaulting a public servant. See
Tex. Penal Code Ann. § 22.01(a)(1), (b)(1) (West Supp. 2000). After appellant pleaded true to
enhancement paragraphs alleging two previous felony convictions, the district court assessed
punishment at imprisonment for ten years and a $7500 fine, suspended imposition of sentence,
and placed appellant on community supervision. In a single point of error, appellant complains
of charge error. We will affirm.

On October 14, 1997, a pickup truck reported stolen in Austin the previous day was
spotted in Lockhart. The truck was occupied by two men, Dennis Spear and appellant. The
driver's identity was disputed. Police officers testified that appellant was driving the truck, while
Spear and appellant testified that Spear was driving. In any case, the truck stopped in a parking
lot after a brief chase and the two occupants fled on foot. Appellant was arrested moments later
a short distance from where the truck was abandoned.

Lockhart police officer Raymond Baladez handcuffed appellant and was leading him
to his patrol car when he noticed that appellant was favoring one foot. Suspecting that appellant
might have contraband or a weapon concealed in his shoe, Baladez instructed appellant to remove
the shoe. Appellant refused, cursed Baladez, and told the officer to take the shoe off himself. 
Baladez advised appellant that "if I had to take [his shoes] off, then I would have to take him to
the ground . . . because I wasn't going to have him kick me." Appellant persisted in his refusal. 
A second officer then seized appellant's ankles and lifted his feet off the ground while Baladez
held his shoulders. As the two officers were lowering appellant to the ground in this fashion,
appellant bit Baladez on the arm. It was for this bite that appellant was convicted.

Appellant testified that he accepted a ride from Spear, with whom he was casually
acquainted, after his own car broke down. Appellant said he did not know that the pickup was
stolen, was surprised and confused by the police chase, and left the scene "because I didn't know
what was going on." Appellant admitted biting Baladez, but denied having any intent to hurt the
officer. Appellant testified that the officers' actions were causing pain in his legs, back, and
wrists, and that "I just kind of nipped [Baladez] a little bit" with the intention "to alert them to
the fact that they were hurting me, and I felt threatened."

Appellant contends the district court erred by including this instruction in its jury
charge:


Our law provides that a peace officer may make an arrest of a person,
without a warrant, in the following circumstances: for any offense committed in
his presence or within his view; when a person is found in suspicious places and
under circumstances which reasonably show that such person has been guilty of
some felony, or are [sic] about to commit some offense against the laws; or where
it is shown by satisfactory proof to a peace officer, upon the representation of a
credible person, that a felony has been committed, and that the offender is about
to escape, so that there is no time to procure a warrant. Upon the arrest of a
person, a peace officer may conduct a search of said person, incident to the arrest,
without first obtaining a warrant.[ (1)]



Appellant argues that the instruction, while a correct statement of law, was irrelevant because his
right of self-defense did not turn on the propriety of the arrest or search. As the district court also
instructed the jury, the use of force to resist an arrest or search the actor knows is being made by
a peace officer is not justified because the arrest or search is unlawful. See Tex. Penal Code Ann.
§ 9.31(b)(2) (West Supp. 2000). Instead, a person may use force to resist an arrest or search only
if the officer uses or attempts use of greater force than necessary to make the arrest or search, and
if the person reasonably believes the force is immediately necessary to protect himself against the
officer's excessive force. See id. § 9.31(c).

In all jury trials, the court is obligated to deliver a written charge distinctly setting
forth the law applicable to the case. See Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp.
2000). Some instructions are mandatory and others are forbidden, but the court otherwise
possesses a degree of discretion with respect to the contents of the jury charge. See Cane v. State,
698 S.W.2d 138, 140 (Tex. Crim. App. 1985). Given the testimony, from both the State and the
defense, regarding the theft of the pickup, its discovery in Lockhart, the ensuing chase, and the
other circumstances of appellant's arrest, the district court could reasonably conclude that an
instruction on a police officer's authority to arrest and search without a warrant was applicable
to the case even if it was not directly relevant to appellant's self-defense claim. The court did not
abuse its discretion by overruling appellant's relevance objection.

Appellant also contends the challenged instruction was an impermissible comment
on the weight of the evidence. It is error for the court's charge to convey the judge's personal
opinion regarding the credibility of any witness or the weight to give any particular evidence. See
Russell v. State, 749 S.W.2d 77, 78 (Tex. Crim. App. 1988); art. 36.14. Appellant argues that
the instruction effectively told the jury that he was lawfully arrested for unauthorized use of a
vehicle. Because appellant did not make this argument to the district court, he must show error
so egregious as to have denied him a fair and impartial trial. See Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985) (op. on reh'g).

We are not persuaded that the instruction on the law of warrantless arrests
necessarily suggested the judge's opinion that appellant was lawfully arrested. But even if it did,
the error was not egregiously prejudicial to appellant. The facts relevant to the propriety of
appellant's arrest were not disputed at trial: the pickup was unquestionably stolen, appellant was
admittedly an occupant of the pickup, and appellant acknowledged leaving the scene after the
chase ended. Appellant was not on trial for unauthorized use of a vehicle but for assaulting an
officer. His defense was not that he was unlawfully arrested or searched, but that he was
reasonably defending himself against the officer's use of excessive force. Under the
circumstances, any suggestion by the court that appellant was lawfully, as opposed to unlawfully,
arrested did not deny him a fair and impartial trial. 

The point of error is overruled and the judgment of conviction is affirmed.



 


 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: January 6, 2000

Do Not Publish
1. Immediately following this paragraph, the court's charge defined the offense of unauthorized
use of a vehicle and explained the law of parties. 



s instruction in its jury
charge:


Our law provides that a peace officer may make an arrest of a person,
without a warrant, in the following circumstances: for any offense committed in
his presence or within his view; when a person is found in suspicious places and
under circumstances which reasonably show that such person has been guilty of
some felony, or are [sic] about to commit some offense against the laws; or where
it is shown by satisfactory proof to a peace officer, upon the representation of a
credible person, that a felony has been committed, and that the offender is about
to escape, so that there is no time to procure a warrant. Upon the arrest of a
person, a peace officer may conduct a search of said person, incident to the arrest,
without first obtaining a warrant.[ (1)]



Appellant argues that the instruction, while a correct statement of law, was irrelevant because his