MARY'S OPINION HEADING 







                                                                                    NOS. 12-03-00083-CR
 12-03-00084-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
DAVID BEDDINGFIELD,                                §                APPEAL FROM THE 241ST
APPELLANT
 
V.                                                                          §                JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            A jury convicted Appellant David Beddingfield, a private investigator for a bail bond surety,
of two offenses of execution of a capias or arrest warrant, a state jail felony. The trial judge found that
Appellant used or exhibited a deadly weapon during the commission of the offenses, and assessed
Appellant’s punishment for each at imprisonment for four years under the applicable enhancement
provisions of the Texas Penal Code. In two issues presented, Appellant contends the “[t]rial court
erred in making an implied affirmative finding of a deadly weapon,” and in commenting on the weight
of the evidence in its charge. We affirm.
 
Background
            Appellant’s primary responsibility with his employer, Fast Action Bail Bonds, was to arrest
persons who had violated a condition of their bonds.
            Fast Action was a surety on the bond of Ronny Strickland. Strickland failed to appear in court,
and the court issued a warrant for his arrest.
            Strickland lived in a house on FM Road 1111 in Smith County. Strickland shared the house
with Donny Wayne Murphree, but Strickland paid the rent and the utility bills.
            On July 29, 2002, Appellant went to Strickland’s house in order to apprehend him. Murphree
was there, but Strickland was gone. Another young man, Jessie Terry, was staying overnight at the
house on July 29.
            Appellant testified that he entered the house with Murphree’s permission and that Murphree
gave him a tour of the house. In his testimony, Murphree denied giving Appellant permission to enter
the house. Jessie Terry also denied giving Appellant permission to enter the house.
            Strickland returned home shortly after midnight on July 30. Five minutes later, Appellant
arrived. When Murphree once again met him at the door, Appellant was armed with a shotgun. 
Appellant asked if Strickland was there, and Murphree responded with a shrug. Murphree did not tell
Appellant that Strickland was in the house, nor did he give Appellant permission to enter. Appellant
testified that he believed he still had permission to go inside the house. This time when Appellant
entered the house, he found Strickland hiding in the back bedroom closet. Yelling, “Don’t shoot,”
Strickland jumped through a bedroom window, breaking the glass. Strickland fled into a nearby
wooded area. Later that day, Appellant captured Strickland and took him to the Smith County jail.
            Prior to trial, the State gave Appellant notice in a separate pleading that it intended “to seek,
prove, and have submitted to the jury the issue of whether the Defendant used or exhibited a deadly
weapon . . . in the course of the commission of the alleged offense.” The indictments contained no
deadly weapon allegations. The State did not seek a deadly weapon finding from the jury. The jury
found Appellant guilty “as charged in the indictment.” 
            Immediately prior to trial, Appellant elected to have the trial court assess his punishment in
the event he was convicted. Penal Code Section 12.35(c), in pertinent part, mandates that “[a]n
individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is
shown on the trial of the offense that . . . a deadly weapon . . . was used or exhibited during the
commission of the offense. . . .” Tex. Pen. Code Ann. § 12.35(c)(1) (Vernon 2003). Therefore,
although the jury had found Appellant guilty of a state jail felony, the trial court sentenced Appellant
to imprisonment for four years, a term within the range of punishment prescribed for third degree
felonies and double the maximum term provided for unaggravated state jail felonies.
 
Implied Deadly Weapon Finding
            In his first issue, Appellant complains that the trial court erred in making an implied
affirmative finding of a deadly weapon. He points out that although the State gave notice of its
intention to seek, prove, and submit to the jury the issue of whether he had used or exhibited a deadly
weapon, it did not submit such an issue to the jury. The jury found Appellant “guilty as charged in
the indictment,” an indictment which contained no allegation that Appellant used or exhibited a
deadly weapon.
            Article 42.12, Section 3g(a)(2) of the Texas Code of Criminal Procedure requires the entry of
a deadly weapon finding in the judgment upon an affirmative finding that a deadly weapon was used
or exhibited in the commission of a felony. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2)
(Vernon Supp. 2003). Penal Code Section 12.35(c)(1) provides that upon conviction of a state jail
felony in which a deadly weapon was used, the defendant shall be punished for a third degree felony. 
Tex. Pen. Code Ann. § 12.35(c)(1). Appellant urges that these two provisions are analogous and
therefore Section 12.35(c)(1) implicitly requires an express deadly weapon finding by the fact finder
before punishment can be enhanced.
            In Polk v. State, 693 S.W.2d 391 (Tex. Crim. App. 1985), cited by Appellant, the court of
criminal appeals held that a trial judge could not enter the required deadly weapon finding under
Article 42.12, Section 3g(a)(2), simply because some evidence indicated that the defendant had used
a deadly weapon and therefore the jury’s general verdict might imply that it had believed that
evidence. Id. at 396. The court concluded that the term “affirmative finding” as used in the statute
meant that there must be an express determination by the trier of fact that the defendant used or
exhibited a deadly weapon during the commission of the offense. Id. at 393. 
            The court stated that an affirmative deadly weapon finding is proper under Article 42.12 when
(1) the indictment alleges a deadly weapon was used and the jury finds the defendant “guilty as
charged in the indictment”; (2) the indictment alleges the use of a per se deadly weapon, and the jury
finds the defendant “guilty as charged in the indictment”; or (3) a special issue on the question is
submitted to the trier of fact and answered affirmatively. Id. at 396. Since none of the three
alternatives were present in this case, Appellant argues that the trial court’s decision to punish him
for a third degree felony was necessarily based on its implied finding that he used or exhibited a
deadly weapon. The lesson of Polk is that a deadly weapon finding under Article 42.12 cannot be
implied but must be expressly determined by the fact finder. See also Lafleur v. State, 106 S.W.3d
91, 92 (Tex. Crim. App. 2003). Therefore, Appellant argues that in the absence of such an express
determination by the jury in this case, the trial court erred in assessing punishment for a third degree
felony under Section 12.35(c)(1).
            The analogy Appellant seeks to draw between Article 42.12, Section 3g(a)(2) and Penal Code
section 12.35 is imperfect at best. Article 42.12, Section 3g(a)(2) specifically requires an “affirmative
finding” on the deadly weapon issue. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2). The Penal
Code provision at issue here does not require such an express affirmative finding, but authorizes an
enhancement of punishment from a state jail felony to a third degree felony “if it is shown on the trial
of the offense” that a deadly weapon was used or exhibited during the commission of the offense. 
Tex. Pen. Code Ann. § 12.35(c)(1). Since Section 12.35 does not require an “affirmative finding,”
the cases relied on by Appellant interpreting and refining this requirement in Article 42.12 to mean
an “express finding” are inapposite. 
            Appellant elected to have the trial judge set punishment.


 Therefore, the trial judge was the
fact finder at the punishment stage of the trial. Fann v. State, 702 S.W.2d 602, 604 (Tex. Crim. App.
1985); Flores v. State, 690 S.W.2d 281 (Tex. Crim. App. 1985). She had heard the evidence
establishing Appellant’s guilt. The evidence that Appellant used or exhibited a shotgun during the
commission of the offense was undisputed. Upon such a showing at the trial of the offense, the trial
judge did not err in assessing punishment for a third degree felony. Appellant’s first issue is
overruled.
 
Charge Error
            In his second issue, Appellant contends the trial court erred in instructing the jury that
Appellant needed to have permission to enter from both occupants of the house, and the instruction
given was a comment on the weight of the evidence.
            In the jury charge, the court instructed the jury on the elements of the offense as follows:
 
Our law provides that a person commits the offense of Execution of Capias or Arrest Warrant
if said person is a private investigator and as a private investigator executing a capias or an arrest
warrant on behalf of a bail bond surety . . . said person enters a residence without the consent of the
occupants.


            In the application paragraph for each offense, the court instructed the jury as follows:
 
Now in cause number 241-1153-02 [and 241-1154-02], if you find from the evidence beyond
a reasonable doubt that on or about the 30th day of July, 2002, in Smith County, Texas, the defendant,
DAVID BEDDINGFIELD, a private investigator executing a capias or arrest warrant on behalf of a bail
bond surety, to-wit: Barbara Moss DBA Fast Action Bail Bonds, did then and there intentionally or
knowingly enter a residence, without the consent of the occupants, to-wit: Ronny Strickland and Donny
Murphree, . . . then you will find the defendant guilty of Execution of Capias or Arrest Warrant as
charged in the indictment.


            The trial court followed the provisions of the Occupations Code. The pertinent provision of
the Occupations Code states as follows:
 
(a) A private investigator executing a capias or an arrest warrant on behalf of bail bond surety may not:

                            (1) enter a residence without the consent of the occupants. . . . 


Tex. Occ. Code Ann. § 1702.3867(a)(1) (Vernon 2001). The statute uses the word “occupants” as
plural.
            During their deliberations, the jury sent one note to the judge which read as follows:
 
JURY REQUESTS CONFIRMATION. JURY IS DISCUSSING DEFINITION OF
OCCUPANTS. PLEASE CLARIFY, ARE RONNIE [SIC] STRICKLAND AND DONNY
MURPHREE CONSIDERED OCCUPANTS IN CAUSE NO. 241-1153-02 AND 241-1154-02
REGARDLESS OF THEIR PHYSICAL LOCATION.


The court responded to the note with the following instruction:
 
In response to your question, please refer to the jury charge and continue your deliberations.


            During the charge conference, defense counsel objected to
 
the charge anyplace where it implies or states that the actor or [appellant] needed consent of both
Ronnie [sic] Strickland and Donny Murphree.
 
We believe that it should be a disjunctive. It should be Donny [sic] Strickland or Donny
Murphree, and that the failure to do so constitutes a comment of the weight of the evidence.


            Appellant maintains that the charge as given was a comment on the weight of the evidence
doubling the burden on the defense on the crucial issue in the case.
            The charge should state “the law applicable to the case, without expressing or intimating any
opinion as to the weight of the evidence, or the credibility of the statements made by the party accused
or by the witnesses.” Henry v. State, 149 Tex. Crim. 321, 323, 194 S.W.2d 264, 265 (1946). An
instruction constitutes a comment on the weight of the evidence if it furnishes a standard by which
the jury should weigh the testimony or if it authorizes the jury to act arbitrarily in passing on the
credibility of a witness. Russell v. State, 749 S.W.2d 77, 79 (Tex. Crim. App. 1988). In determining
whether an instruction is a comment on the weight of the evidence, the courts look to the probable
effect of the instruction on the jury in the context in which it was given. Id. 
            The challenged instruction tracked the Penal Code provision Appellant was alleged to have
violated. Viewed in its context, it appears to be a neutral instruction. It does not express the court’s
opinion as to the weight to be given any particular evidence. The note from the jury does not
demonstrate that the instruction was a comment on the weight of the evidence. The charge was
proper. Appellant’s second issue is overruled.
 
Conclusion
            The judgment of the trial court is affirmed. 
 
                                                                                                    BILL BASS 
                                                                                                            Justice

Opinion delivered June 9, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.



(DO NOT PUBLISH)