

# IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-10-00372-CR
### No. 10-10-00373-CR

**RANDY SCOTT MOORE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court Nos. 11874-A and 11875-A**

## MEMORANDUM  OPINION

A jury convicted Appellant Randy Scott Moore of the offenses of sexual assault of a child and continuous sexual abuse of a child under the age of fourteen.  The trial court assessed his punishment at twenty years' and thirty-five years' imprisonment, respectively.  These appeals ensued.  Because Moore asserts the identical issue in both appeals, we will decide them together.

In one issue in both appeals, Moore contends that the trial court erred in denying his timely requested jury instruction.[1] We review the trial court's denial of a requested jury instruction for an abuse of discretion. *See Wesbrook v. State*, 29 S.W.3d 103, 122 (Tex. Crim. App. 2000); *Garza v. State*, 298 S.W.3d 837, 843 (Tex. App.—Amarillo 2009, no pet.). We may not substitute our judgment for that of the trial court but simply determine whether the trial court's ruling was arbitrary or unreasonable. *See Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001).

In analyzing a jury-charge issue, we first decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If error is found, the court then determines whether the error caused sufficient harm to warrant reversal. *Id.*

Article 36.14 of the Code of Criminal Procedure requires that in felony cases,

> the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury.

TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). As a rule, a charge on particular facts or specific parts of testimony is improper, as it constitutes a comment on the weight of the evidence. *See Laws v. State*, 549 S.W.2d 738, 740 (Tex. Crim. App. 1977).

---

[1] In the table of contents of his brief in cause number 10-10-00373-CR only, Moore states his first issue as follows: "The evidence, as measured under the federal standard of *Jackson v. Virginia*, is legally insufficient." But Moore does not present any argument for this contention in the brief. Rather, the "Issues Presented" section states that Moore's only issue is that the trial court erred in denying his timely requested jury instruction, and the substance of his argument is limited to that contention. Thus, to the extent Moore was also attempting to raise a legal sufficiency issue in cause number 10-10-00373-CR, it is waived as inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (requiring an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record).

Moore argues that an instruction should have been given, as requested at trial, that stated, "You're not to allow sympathy for the child in this case enter in to your deliberations, but you are to decide the facts based solely upon the evidence presented." This requested instruction, however, would have improperly directed attention specifically to the child's testimony and constituted a comment on the weight of the evidence. *See Russell v. State*, 749 S.W.2d 77, 77-80 (Tex. Crim. App. 1988) (instruction that "you are not bound by the testimony offered by a witness qualified as an expert" but "may give it the weight to which you find it is entitled and may weigh such testimony with all other evidence offered in this case" was improper comment on weight of evidence); *Simmons v. State*, 504 S.W.2d 465, 474 (Tex. Crim. App. 1974) (instruction that police officers are to be tested by same standards of credibility as other witnesses and instruction on weight to be given testimony of expert witnesses were both properly refused because they would have been comments on weight of evidence); *cf.* TEX. R. CIV. P. 226a (requiring the charge to include the more neutral instruction, "Do not let bias, prejudice, or sympathy play any part in your decision.").

The charge of the court here already instructed the jury, "The State has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant." The charge also instructed, "The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case." We thus hold that the trial court did not abuse its discretion

in denying Moore's requested jury instruction. We overrule Moore's issues in both appeals.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed May 30, 2012
Do not publish
[CRPM]

*     (Chief Justice Gray concurs in the judgment of the Court to the extent it affirms the trial court's judgment. A separate opinion will not issue.)