**AFFIRMED and Opinion Filed March 13, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00122-CR

### ARNULFO RAMIREZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F16-75752-H**

## MEMORANDUM OPINION
Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Molberg

A jury convicted Arnulfo Ramirez of murder and sentenced him to twenty years' imprisonment. In two issues, Ramirez contends (1) the trial court erred by instructing the jury in the guilt-phase charge that Ramirez had elected not to testify "in this phase of the trial" and (2) the prosecutor improperly requested during closing arguments in both the guilt and punishment phases that the jury return its verdict "quickly." We affirm the trial court's judgment.

### Background[1]

Ana Ramos, Ramirez's girlfriend, died after being shot five times. Ramirez subsequently confessed to shooting Ramos, destroying her cellphone, and throwing the gun into the lake. Ramirez was charged with murder.

---

[1] Because Ramirez does not challenge the sufficiency of the evidence to support the judgment, we recite only those facts necessary to address his complaints on appeal.

At the beginning of voir dire, the trial court explained to the prospective jurors that they were starting "the first phase of the trial," called the "voir dire examination." The trial court then briefly discussed the voir dire process.

During his examination of the panel, the prosecutor explained the indictment and asked whether, based on the allegations, any of the prospective jurors had a personal experience that would prevent them from being "fair to somebody." One prospective juror responded that "this would go against my faith, against my conscience." The prosecutor then asked:

> Some people say, I cannot serve as a juror. I cannot listen to what's presented and decide if someone's guilty or not. And then in that third phase if – if the jury's asked to assess punishment and decide if they should go to prison or not.
>
> . . . . [T]hat's what you're telling me; is that right?

The prospective juror responded, "Yes, sir."

Both the prosecutor and Ramirez's counsel questioned the prospective jurors about their ability to consider the entire range of punishment. In response to the prosecutor's questions, one prospective juror indicated he would have difficulty assessing the lower range of punishment out of concerns the person "might do it again." The prosecutor reminded the prospective juror that "in the punishment phase" there could be additional evidence pertaining to the likelihood of the person committing another crime.

In his voir dire examination, Ramirez's counsel explained a "crime of passion" to the panel:

> If a jury finds someone guilty of murder, the law says that in the punishment phase of the trial, it's up to us, the Defense, to bring to you evidence that proves by a preponderance of the evidence that the person committed the act while under the immediate influence of sudden passion.
>
> . . . .
>
> Because the way it works is in the punishment phase, the jury gets to entertain that issue, if that's raised by the evidence as to whether or not it was a crime of passion. That's after you find somebody guilty of murder. Then the 12 of you get to decide whether or not to answer that issue in the affirmative or in the negative.

Finally, after both the State and Ramirez rested and closed their cases, the trial court informed the jury that they had heard all the evidence "in this phase of the trial."

In the guilt-phase charge, the trial court instructed the jury on both murder and the lesser-included offense of manslaughter. The trial court also instructed the jury that:

> [T]he defendant may testify in his own behalf if he elects to do so, but if he chooses not to do so, that fact cannot be taken as a circumstance against him nor prejudice him in any way. The defendant has elected not to testify in this phase of the trial, and you are instructed that you cannot and must not refer to nor allude to that fact throughout your deliberations or take it into consideration for any purpose whatsoever as a circumstance against the defendant.

Ramirez objected that the phrase "in this phase of the trial" was an improper comment on the weight of the evidence because it signaled to the jury that there might be another phase of the trial. The trial court overruled the objection.

**Charge Error**

In his first issue, Ramirez asserts the trial court erred by including the phrase "in this phase of the trial" in the guilt-phase charge because the phrase was misleading, did not add a necessary fact to the jury instructions, and required a jury that was inclined to find him not guilty to ignore the "suggestion that there will be a next phase in which" Ramirez might testify.

We review a claim of jury charge error in two steps. *Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015). First, we determine whether the charge is erroneous. *Id.* If there is error in the charge, we review the record to determine whether the error caused sufficient harm to require reversal. *Id.*

*No Error in Charge*

As a general rule, the trial court is required to deliver to the jury a written charge distinctly setting forth the law applicable to the case. *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008); *see also Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012) (noting charge "must contain an accurate statement of the law and must set out all the essential elements of the

offense"). In the charge, the trial court should not express any opinion as to the weight of the evidence, sum up the testimony, discuss the facts, or use any argument calculated to arouse the sympathy or excite the passions of the jury. *Bartlett*, 270 S.W.3d at 150; *Henry v. State*, 194 S.W.2d 264, 265 (Tex. Crim. App. 1946) (A jury charge should state "the law applicable to the case, without expressing or intimating any opinion as to the weight of the evidence, or the credibility of the statements made by the party accused or by the witnesses."). An instruction constitutes a comment on the weight of the evidence if it furnishes a standard by which the jury should weigh the testimony or if it authorizes the jury to act arbitrarily in passing on the credibility of a witness. *Russell v. State*, 749 S.W.2d 77, 79 (Tex. Crim. App. 1988); *see also O'Connell v. State*, 17 S.W.3d 746, 748 (Tex. App.—Austin 2000, no pet.). In determining whether an instruction is a comment on the weight of the evidence, we look to the probable effect of the instruction on the jury in the context in which it was given. *Russell*, 749 S.W.2d at 79; *see also Vasquez*, 390 S.W.3d at 366 (noting that, on examining charge for possible error, we review charge as a whole instead of a series of isolated and unrelated statements).

Here, the phrase "in this phase of the trial" was in the trial court's instruction to the jury that Ramirez had an absolute right not to testify and the jury could not hold his failure to do so against him. The instruction was neutral on its face and a correct statement of the law. The instruction did not discuss the facts, sum up the testimony, express an opinion regarding the credibility of any witness, or attempt to arouse the jury's sympathy or excite its passion.

Further, the jury had been informed during voir dire about the three phases of trial—voir dire, guilt, and punishment. It had also been told that it might be required to decide Ramirez's punishment. Therefore, before it received the guilt-phase charge, the jury knew the trial consisted of more than one phase and that Ramirez had not testified during the guilt phase. The inclusion of the phrase "in this phase of the trial" did not suggest to the jury that the trial court expected the

–4–

trial to continue to the punishment phase or that Ramirez might testify if there was a punishment phase.

On this record, we cannot conclude the inclusion of the phrase "in this phase of the trial" in the guilt-phase charge constituted an improper comment on the weight of the evidence by the trial court or, in the context it was given, had the effect of misleading the jury. Accordingly, there was no error in the jury charge.

*No Harm*

Further, even if there had been error, it would have been harmless. The degree of harm necessary for reversal depends upon whether the error was preserved in the trial court. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If, as in this case, the defendant preserved error by objecting at trial, we reverse if the error caused "some harm." *Rogers v. State*, 550 S.W.3d 190, 191 (Tex. Crim. App. 2018); *Almanza*, 686 S.W.2d at 171. "Some harm" means actual harm and not merely a theoretical complaint." *Braughton v. State*, No. PD-0907-17, 2018 WL 6626621, at *15 (Tex. Crim. App. Dec. 19, 2018). In conducting the harm analysis, we consider the entire jury charge, the state of the evidence, the jury arguments, and any other relevant information as revealed by the record as a whole. *French v. State*, 563 S.W.3d 228, 235–36 (Tex. Crim. App. 2018); *Almanza*, 686 S.W.2d at 171.

Under the first factor of the harm analysis, we review the entire jury charge to determine whether anything, other than the erroneous instruction, either exacerbated or ameliorated the error. *French*, 563 S.W.3d at 236. Here, the trial court instructed the jurors on the definitions of murder and manslaughter; that they were required to find beyond a reasonable doubt that Ramirez was guilty of murder; if they had a reasonable doubt that Ramirez was guilty of murder, they were required to consider whether he was guilty of manslaughter; and if they had a reasonable doubt of

–5–

Ramirez's guilt, they were required to find him not guilty. The jurors were told that the burden of proof was on the State to prove each element of the offense beyond a reasonable doubt and that Ramirez was presumed to be innocent, and could not be convicted, unless the State met its burden. Finally, the jurors were specifically instructed that, in reaching their verdict, they could not consider Ramirez's election not to testify. We conclude these instructions ameliorated any error by the trial court in referring to "this phase of the trial." Accordingly, this factor weighs against a finding of some harm.

As to the state of the evidence, the jurors heard Ramirez's confession in which he admitted he shot Ramos, but claimed he did so because he was in a rage over her "using" him for money and seeing another man. Ramirez, however, also admitted that he was at his home exchanging text messages with Ramos when he became enraged. He was required to look for his gun because he did not remember where he had stored it. After he found the gun, he loaded it, drove to Ramos's business, asked Ramos to prepare him a Herbalife shake, and shot her after she refused to do so. Based on the strong evidence of Ramirez's guilt, we cannot conclude the inclusion of the phrase "in this phase of the trial" impacted the jury's decision. *See Elizondo v. State*, 487 S.W.3d 185, 209 (Tex. Crim. App. 2016) (considering, in conducting harm analysis, whether evidence of guilt was so overwhelming as to render erroneous instruction harmless). Therefore, this factor also weighs against a finding of some harm.

The third factor of the analysis is the argument of counsel. Neither the prosecutor nor defense counsel mentioned Ramirez's failure to testify or a possible punishment phase of the trial during their closing arguments in the guilt phase of the trial. The prosecutor argued the evidence established beyond a reasonable doubt that Ramirez murdered Ramos. In his argument, defense counsel primarily focused on Ramirez's mental state. Defense counsel repeatedly argued that, although Ramirez shot Ramos and was "not innocent," the State failed to prove Ramirez was guilty

of murder. Defense counsel specifically argued that, if Ramirez was "guilty of anything, he's guilty of manslaughter" and urged the jury to "enter the appropriate verdict." Given counsel's focus on Ramirez's mental state as the primary issue, this factor weighs against a finding of some harm. *See Braughton*, 2018 WL 6626621, at *18 ("Given counsel's focus on self-defense as the primary issue in the case, the arguments of counsel also weigh against a finding of harm here.").

Finally, other relevant informtion in the record shows the various phases of the trial were discussed with the jury from the beginning of voir dire. The jurors were informed of a potential punishment phase during voir dire and that they might be required to assess punishment. Further, there is nothing in the record reflecting the inclusion of the phrase "in this phase of the trial" affected the jury's decision on Ramirez's guilt. Accordingly, this factor also weighs against a finding of harm.

Ramirez argues he was harmed because the inclusion of the phrase "in this phase of the trial" in the guilt-phase charge (1) "creates an implicit-type bias pushing the subconscious mind to expect a further phase," which would require a guilty verdict and (2) might lead a juror to create another phase of the trial by finding Ramirez guilty with the expectation Ramirez would "speak up to mitigate or explain" his conduct in that subsequent phase. However, where the record reflects a "risk of harm that is so small that it may properly be characterized as not 'remotely significant'" or that the risk of harm is "almost infinitesimal," any harm resulting from the error in the charge is only theoretical harm. *French*, 563 S.W.3d at 239 (quoting *Owings v. State*, 541 S.W.3d 144, 152–53 (Tex. Crim. App. 2017); *Dixon v. State*, 201 S.W.3d 731, 736 (Tex. Crim. App. 2006)). After considering the relevant factors, we conclude the record fails to show that Ramirez suffered actual, as opposed to theoretical harm, from the inclusion of the phrase "in this phase of the trial" in the guilt-phase charge. *See id*.

We resolve Ramirez's first issue against him.

**Jury Argument**

In his second issue, Ramirez complains that, during closing arguments in both the guilt and punishment phases of the trial, the prosecutor improperly urged the jury to return its verdict "quickly." Ramirez acknowledges he did not object to either argument, but raises the issue in his brief in order to preserve it "for potential further review."

When a defendant fails to object to jury argument, he forfeits his right to raise the issue on appeal. *Hernandez v. State*, 538 S.W.3d 619, 622–23 (Tex. Crim. App. 2018); *Wead v. State*, 129 S.W.3d 126, 130 (Tex. Crim. App. 2004) ("At the outset, the court of appeals erred in even considering appellant's argument that the prosecutor's comment [during closing argument] amounted to a comment on appellant's failure to testify, since appellant made no such argument in the trial court."). Because Ramirez failed to object to the prosecutor's argument at trial, he has waived his right to raise the issue on appeal. We resolve Ramirez's second issue against him.

We affirm the trial court's judgment.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
180122F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ARNULFO RAMIREZ, Appellant

No. 05-18-00122-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1675752-H.
Opinion delivered by Justice Molberg.
Justices Whitehill and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 13, 2019